IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RITA TESSU, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No: 1:23-cv-00364-SAG ) ) |
| ADAPTHEALTH, LLC, | ) ) ) |
| Defendant. | ) |

**JOINT PROPOSED SCHEDULING PLAN**

The parties hereby submit the following Proposed Scheduling Plan:

a. Deadline for joinder of additional parties or amendment of pleadings: **January 12, 2024**;

b. Class Certification: Plaintiff shall move for class certification on or before **July 26, 2024**. Defendant's opposition brief shall be filed within 28 days of Plaintiff filing her motion. Plaintiff shall file her reply memorandum in support of class certification within 14 days of Defendant filing its opposition brief.

c. Discovery plan:

(i) Counsel do not anticipate any issues concerning electronically-stored discovery. The parties agree to produce the requested records in PDF, Excel or other widely accessible formats;

(ii) All issues concerning work-product will be raised in objections to discovery with a corresponding privilege log. The parties will make all reasonable efforts to resolve such disputes;

(iii) Discovery need not be conducted in phases or limited to certain issues;

(iv) The parties do not anticipate any variance from the presumptive deposition and interrogatory limits;

(v) The parties do not anticipate that any physical or mental examinations of parties will be requested;

(vi) Expert discovery:

    a. Plaintiff shall make any disclosures required by Rule 26(a)(2)(A)-(B) by **April 5, 2024**;

    b. Defendant shall depose Plaintiff's expert(s) by April 26, 2024;

    c. Defendant shall make any disclosures required by Rule 26(a)(2)(A)-(B) by **May 17, 2024**;

    d. Plaintiff shall depose Plaintiff's experts by **June 7, 2024**.

(vii) All discovery to be completed and submission of Status Report by **June 28, 2024**;

d. Plaintiff requests that a deadline for filing of summary judgment motions and other dispositive motions be set after the Court's ruling on Plaintiff's motion for class certification. Some courts hold that a Court should not rule on a Plaintiff's motion for summary judgment before determining whether class certification is appropriate. *See Paxton v. Union Nat'l Bank*, 688 F.2d 552 (8th Cir. 1982); *Wilson v. Am. Cablevision of Kansas City, Inc.*, 130 F.R.D. 404 (W.D. Mo. 1990); *Owens v. Hellmuth & Johnson, PLLC*, 550 F.Supp.2d 1060 (D. Minn. 2008). This will not hinder Defendant from its ability to file dispositive motions.

e. The parties request that a trial date be set after the Court's ruling on class certification.

Dated: October 30, 2023

**BUTSCH ROBERTS AND ASSOCIATES LLP**

*/s/ Christopher E. Roberts*
Christopher E. Roberts
777 Bonhomme Avenue, Suite 1300
Clayton, MI 63105
Email: croberts@butschroberts.com
Phone: (314) 863-5700
Fax: (314) 863-5711

*Attorneys for Plaintiff*

**K&L GATES LLP**

*/s/ Brian D. Koosed*
Brian D. Koosed
1601 K Street, NW
Washington, D.C.  20006
Email: brian.koosed@klgates.com
Phone: (202) 778-9000
Fax: (202) 778-9100

Nicole C. Mueller (pro hac vice motion pending)
Joseph C. Wylie (pro hac vice motion pending)
70 W. Madison St., Suite 3100,
Chicago, IL 60602
Email: nicole.mueller@klgates.com
Email: joseph.wylie@klgates.com
Phone: (312) 372-1121
Fax: (312) 827-8000

*Attorneys for Defendant*

Dated:  October 30, 2023

_____/s/_____
Stephanie A. Gallagher
United States District Judge